IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0976-D |
| | § | |
| GLENN HEGAR, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by *pro se* plaintiff Tracy Nixon ("Nixon") for breach of a consent judgment ("Consent Judgment"), defendant Ally Bank moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Among the grounds on which Ally Bank relies is that Nixon lacks standing to enforce the Consent Judgment because he is not a party to it. Nixon opposes the motion and requests, in the alternative, leave to amend. He has also filed a "Request Leave for Defendant to Deposit Funds into Registry of the Court." Because Nixon lacks constitutional standing, the court grants Ally Bank's motion and dismisses this action without prejudice by judgment filed today.

I

Nixon's complaint is straightforward. He sues defendants Ally Bank, GMAC Mortgage, LLC ("GMAC"), and Texas Comptroller Glenn Hegar for breach of an April 2012 Consent Judgment entered into among three private companies, the United States of America,

and other states, including the State of Texas.[1]  The Consent Judgment required the three private companies—GMAC, Residential Capital, LLC, and Ally Financial, Inc.—to pay a specified sum into an escrow to settle claims brought under various federal and state laws. Nixon is not party to the Consent Judgment.  And although Ally Bank is not a party either, Nixon brings his claim against Ally Bank on the basis that "GMAC Bank was rebranded as Ally Bank in 2010 and are the same."  P. Mem. 3.

II

The court need only consider whether Nixon has constitutional standing to bring this action.[2]

A

Ally Bank posits that Nixon lacks standing to sue any of the defendants under the Consent Judgment because he is not party to it and the law is well-established that non-parties to Consent Judgments cannot sue as third-party beneficiaries.  Nixon does not address this argument.

---

[1]Nixon originally filed this lawsuit in the District of the District of Columbia, which transferred the case to this court.

[2]The court's decision to address standing first does not violate the Supreme Court's prohibition on exercising "hypothetical jurisdiction."  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998) ("We decline to endorse [hypothetical jurisdiction] because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.").  A court has leeway "to choose among threshold grounds for denying audience to a case on the merits."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (characterizing *Steel Co.* as having "clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction").

B

Standing consists of two strands: constitutional standing and prudential standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013).

Constitutional standing is an "irreducible constitutional minimum" under Article III's case-or-controversy requirement, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and it requires an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted). "[T]he injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1.

Prudential standing, by contrast, does not emanate from the Constitution, and it instead "embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'" *Cibolo Waste*, 718 F.3d at 474 (quoting *Elk Grove*, 542 U.S. at 11).

C

Ally Bank does not specify whether its standing argument is based on constitutional or prudential standing. A challenge to a plaintiff's constitutional standing should be raised by motion under Rule 12(b)(1). *Cf. Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."). Nevertheless, the court's independent obligation

to determine whether it has jurisdiction requires it to examine the issue of constitutional standing before turning to its prudential aspects. *Id.*; *see also Hoyt v. City of El Paso, Tex.*, 878 F.Supp.2d 721, 726 n.5 (W.D. Tex. 2012) (construing defendants' constitutional standing argument raised in motion under Rule 12(b)(6) as motion to dismiss under Rule 12(b)(1)). Accordingly, the court will analyze Ally Bank's challenge to Nixon's standing under the Rule 12(b)(1) standard.

D

As the party seeking to invoke federal jurisdiction, Nixon bears the burden of establishing standing. *Lujan*, 504 U.S. at 561. Because Ally Bank's motion to dismiss is not supported by evidence, the court must decide the jurisdictional question based on the complaint alone, and must presume that the allegations of the complaint are true. *See, e.g., Sullo & Bobbit, PLLC v. Abbott*, 2012 WL 2796794, at *4 (N.D. Tex. July 10, 2012) (Fitzwater, C.J.), *aff'd*, 536 Fed. Appx. 473 (5th Cir. 2013). The court cannot dismiss the complaint if the allegations are sufficient to allege jurisdiction. *See id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). General factual allegations of injury resulting from Ally Bank's conduct suffice to establish standing at the pleading stage because the court presumes that the allegations embrace facts supporting these allegations. *See, e.g., id.* (citing *Bennett v. Spear*, 520 U.S. 154, 168 (1997)). Furthermore, in looking to Nixon's averments and determining the court's jurisdiction, the court reads the filings of a *pro se* litigant liberally; the filings are "'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

- 4 -

drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

E

The court holds that Nixon lacks standing to bring his claim under the Consent Judgment. "It is well settled that 'a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'" *Choe v. Bank of Am., N.A.*, 2013 WL 3196571, at *4 (N.D. Tex. June 25, 2013) (Fitzwater, C.J.) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)). Nixon has not pointed to any provision of the Consent Judgment that grants non-parties standing to enforce its provisions, and the court has not found any. *See United States v. United Fruit Co.*, 1994 WL 199225, at *2 (5th Cir. May 13, 1994) (per curiam) (unpublished opinion) (holding that party did not have standing to enforce consent decree when he failed to point to any provision that granted non-party standing to enforce its provisions). Moreover, courts faced with similar claims have held that "mortgagors . . . do not have standing to enforce a consent decree that banks have entered into with the government." *Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013) (Lindsay, J.); *see also Daniels v. JPMorgan Chase, N.A.*, 2011 WL 7040036, at *3 (E.D. Tex. Dec.14, 2011).

F

Accordingly, the court grants Ally Bank's motion to dismiss and dismisses this action

without prejudice for lack of constitutional standing.[3] The court denies Nixon's alternative request to amend because he has been able to plead his best case, and allowing him to amend would be futile. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (holding that *pro se* parties can amend "unless it is obvious from the record that the [party] has pled his best case"); *MacKenzie v. Carson*, 2017 WL 5626349, at *11 (N.D. Tex. Nov. 22, 2017) (Fitzwater, J.) (stating that "'[a]lthough leave to amend should be "freely give[n] ... when justice so requires," [Rule 15(a)(2)], a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal'") (alterations in original) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)). And the court denies as moot Nixon's request for leave for defendant to deposit funds into registry of the court.[4]

---

[3] A dismissal for lack of subject matter jurisdiction based on the plaintiff's lack of standing is a dismissal without prejudice. *See, e.g., Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Appx. 620, 622 (5th Cir. 2004) (per curiam) ("The district court did not specify the ground on which it based its decision, or whether the dismissal was with prejudice. Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice; dismissal for failure to state a claim, pursuant to Rule 12(b)(6), is with prejudice.").

[4] To the extent that Nixon's complaint can be read to allege a claim for wrongful foreclosure or breach of contract—which is doubtful even under a liberal construction afforded a *pro se* pleading—the court would still lack subject matter jurisdiction. Neither claim would invoke this court's federal question jurisdiction. And diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). "This means that no plaintiff can be a citizen of the same state as even one defendant." *Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, 2006 WL 1627922, at *1 (N.D. Tex. June 8, 2006) (Fitzwater, J.) (citation omitted). The court would lack diversity jurisdiction because Nixon and at least one defendant (Texas Comptroller Glenn Hegar) are Texas citizens.

\* \* \*

In sum, for the reasons explained, the court grants Ally Bank's July 13, 2021 motion to dismiss, denies Nixon's alternative request for leave to amend, and denies as moot Nixon's August 2, 2021 request for leave for defendant to deposit funds into registry of the court. The court dismisses this action without prejudice by judgment filed today.

**SO ORDERED**.

September 15, 2021.

                                                  SIDNEY A. FITZWATER
                                                  SENIOR JUDGE